USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
                                    :          89 CR 803(VM)
         -against-                  :       DECISION AND ORDER
                                    :
RICARDO BEDOYA,                     :
                                    :
              Defendant.            :
-----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

On July 12, 1990, Ricardo Bedoya ("Bedoya" or "Defendant") was convicted of one count of conspiracy to possess two kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 846 and one count of possession of two kilograms of cocaine with intent to distribute in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). See Bedoya v. United States, 11 F. Supp. 2d 381, 382 (S.D.N.Y. 1998). Now before the Court is Bedoya's recent petition for a writ of habeas corpus. ("Petition," Dkt. No. 6.) For the following reasons, the Court DENIES the Petition.

In 1990, this Court sentenced Bedoya to 151 months' imprisonment, followed by eight years' supervised release. See United States v. Bedoya, 89 CR 803, 1990 WL 164826, at *1 (S.D.N.Y. Oct. 22, 1990). Bedoya appealed, and his conviction was upheld. United States v. Bedoya, 935 F.2d 1277 (2d Cir. 1991). He then sought relief under 28 U.S.C. Section 2255, which was denied. (Dkt. No. 4.) Bedoya was apparently released

from incarceration at some point in 2001 and then deported. (See Petition at 2, 3.)

On January 6, 2006, this Court transferred jurisdiction of Bedoya's supervision to the Eastern District of Missouri. (See Dkt. No. 5.) Bedoya was subsequently convicted in the Eastern District of Missouri of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and sentenced to 108 months' imprisonment followed by four years of supervised release. (United States v. Bedoya Mesa, No. 05 Cr. 118 (E.D. Mo. judgment entered 6/16/2006).) The Eastern District of Missouri also revoked Bedoya's supervision on his original sentence and sentenced him to thirty-seven months' imprisonment to run consecutively to his newly imposed sentence, but no additional term of supervised release was imposed. (United States v. Bedoya, No. 06 Cr. 21 (E.D. Mo.), ECF No. 12.)

As relevant to the Petition, Bedoya finished serving his sentence for violating his initial term of supervised release on April 10, 2008. (See Dkt. No. 10, Ex. A at 3.) Bedoya appears to have remained in custody until very recently due to subsequent convictions in the Southern District of Florida and the Northern District of Illinois. (See Dkt. No. 10, at 2.)

With that procedural background in mind, the Court concludes that because Bedoya has finished serving the sentence imposed by this Court in 89-cr-803, Bedoya was not "in custody" pursuant to that sentence as defined by the federal habeas corpus statue at the time he submitted the Petition. See 28 U.S.C. § 2255(a); Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994). Therefore, the Court lacks jurisdiction to hear Bedoya's Petition as to his sentence in 89-cr-803. Scanio, 37 F.3d at 860-81.

Although Bedoya does not explicitly raise these issues, the Court would have jurisdiction to evaluate the Petition as one for a writ of error *coram nobis* or *audita querela*. Regardless, Bedoya's Petition does not present a prima facie case for relief.

Error *coram nobis* relief "is an extraordinary remedy" that is usually issued only in "extreme cases," when habeas corpus or Section 2255 relief "is unwarranted because the petitioner is no longer in custody." United States v. Rutigliano, 887 F.3d 98, 108 (2d Cir. 2018). A petitioner seeking error *coram nobis* relief must show that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by

3

granting of the writ." Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998).

With regard to the first element, the Petition makes only vague and unsubstantiated accusations regarding the Government's conduct at his trial over thirty years ago. Even if the Court were to credit those accusations at this stage, the Petition is silent as to the remaining two elements. Thus, Bedoya has not met his burden entitling him to a writ of error *coram nobis*.

Error *audita querela* relief is only "available in limited circumstances with respect to criminal convictions. Specifically, it is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007). Although Bedoya references various legal issues he contends plagued his trial, such as the prohibition against double jeopardy, the Petition provides no persuasive evidence or argument to conclude any such errors occurred.

Accordingly, for the reasons discussed above, it is hereby

**ORDERED** that the petition of defendant Ricardo Bedoya for a writ of habeas corpus (Dkt. No. 6) is **DENIED**.

The Clerk of Court is respectfully directed to mail this order to Defendant and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       01 April 2021

                                          Victor Marrero
                                          U.S.D.J.